NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3254

DOUGLAS M. BRUNELL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

---

DECIDED:  December 10, 2004

---

Before SCHALL, DYK, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Douglas M. Brunell petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the United States Postal Service ("agency") removing him from his position as a Letter Carrier in Spokane, Washington. Brunell v. United States Postal Service, No. SE-0752-02-0208-I-1 (M.S.P.B. Mar. 30, 2004) ("Final Decision").  We affirm.

DISCUSSION

I.

The agency removed Mr. Brunell from his position on April 10, 2002, based upon the charge that he had engaged in a verbal and physical altercation with a supervisor. The removal action grew out of an incident that occurred on February 20, 2002, at the agency's Metro Station in Spokane. The agency charged that Mr. Brunell yelled at and shoved supervisor Charles Miles after Mr. Miles instructed Mr. Brunell not to mimic, agitate, harass, irritate, or make fun of his fellow employees. Mr. Miles' instruction followed a complaint by another letter carrier that Mr. Brunell had behaved antagonistically to him and another individual.

Mr. Brunell timely appealed his removal to the Board, where the case was decided based on the documentary record after Mr. Brunell withdrew his request for a hearing. In an initial decision dated June 3, 2003, the administrative judge ("AJ") to whom the appeal was assigned sustained the agency's action. The AJ found that the agency had established the charge against Mr. Brunell by a preponderance of the evidence; that Mr. Brunell's removal promoted the efficiency of the service; and that the penalty of removal was reasonable. Brunell v. United States, No. SE-0752-02-0208-I-1 (M.S.P.B. June 3, 2003) ("Initial Decision"). At the same time, the AJ rejected Mr. Brunell's affirmative defenses that his removal was in retaliation for his having engaged in protected EEO activity and involved discrimination based upon age and/or disability.

The AJ's initial decision became the final decision of the Board on March 30, 2004, after the Board denied Mr. Brunell's petition for review for failure to meet the

criteria set forth at 5 C.F.R. § 1201.115(d).  Final Decision.  This appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c) (2004); Kewley v. Dep't of Health & Human Servs., 253 F.3d 1357, 1361 (Fed. Cir. 1998).  On appeal, Mr. Brunell makes essentially two arguments: (1) that the decision of the Board is not supported by substantial evidence; and (2) that the penalty of removal was unreasonable.

The essence of Mr. Brunell's challenge to the sufficiency of the evidence is that the findings of the Board are not adequate to sustain the charge that he engaged in a physical and verbal altercation with Mr. Miles.  Mr. Brunell points to the fact that the notice of proposed removal stated that he shoved Mr. Miles and screamed at him.  Mr. Brunell notes, however, that the AJ found instead that he lunged at Mr. Miles and that he was loud and threatening.  We are not persuaded by Mr. Brunell's argument.  The AJ's findings as to Mr. Brunell's conduct on February 20 are supported by substantial evidence.  In addition, those findings fully support the charge that Mr. Brunell committed the offense with which he was charged.  The essence of the charge against Mr. Brunell was that he engaged in a physical and verbal altercation with Mr. Miles.  The AJ's findings clearly support that charge.

04-3254                                          3

Neither are we persuaded by Mr. Brunell's challenge to the penalty of removal. We will set aside the agency's imposition of a particular penalty only if it is found to be so harsh or disproportionate that it constitutes an abuse of discretion. See, e.g., Mazares v. Dep't of the Navy, 302 F.3d 1382, 1386 (Fed. Cir. 2002) ("Unless the penalty is totally unwarranted or grossly disproportionate to the misconduct, we will not overturn it."). We see no abuse of discretion in this case. Having sustained the charge against Mr. Brunell, the AJ stated:

> My discretion is limited under these circumstances. Because there was only one charge brought here and this charge is sustained, regardless of what I think a reasonable penalty is under these circumstances, I am required by law to sustain the agency's action if it is the maximum reasonable penalty. Given the history of violent incidents that have happened in the agency over the last few years, the agency has legitimate concerns about securing a safe environment and making sure its employees can report for duty without having to worry about being threatened or assaulted. Consequently, I find the agency's penalty of removal is within the tolerable bounds of reasonableness.

Initial Decision, at 21.

For the foregoing reasons, the final decision of the Board is affirmed.